CHIEF JUSTICE PETERS
delivered the opinion oe the coürt:
William Palmer, by his will, published 29th of August, 1855, devised the whole of his estate to his wife during her life; and, upon her death, the two children of his deceased daughter the one sixth thereof. To his daughter, Mrs. Elizabeth Cole, the one sixth thereof less the sum of three hundred dollars. To his grandson, Wm. P. Storm, the only child of his deceased daughter, Polly Storm, the one sixth. To his daughter, Susan Tanner, the one sixth. To his daughter, Letitia Worlege, the one sixth. And to his son, John Palmer, he gave the one sixth of his estate, “and three hundred dollars besides;” and then makes the following provision: “ The portion of my estate given to my said son, John Palmer, and my grandchildren, Wm. P. Storm and Sophia Fisher, is given to my executor hereafter named, he to hold the same in trust for them and each of them, and pay to them and each of them, annually, the interest arising upon the sums hereby given to them respectively, and no more; and should they, or either of them, die without any lawful issue, then the portions of my estate given to them, and each of them, is to belong to my other children and heirs-at-law, according to the laws of ‘decedent’ and distribution now in force in this State”
John Palmer having died without issue during the life of the widow of the testator, this action was instituted by the executor to have the will construed, and to obtain judicial direction in making distribution of that part of the estate devised to John Palmer among the surviving devisees.
Cole and wife claim that they are entitled to three hundred dollars more of this fund than the other devisees, because, by the will of her father, Mrs. Elizabeth Cole was to receive less by that sum than the other *373 devisees; but the court below decided adversely to them, and they have appealed.
This claim is based upon the 17th section of chapter 30 of Revised Statutes (1 vol., p. 426), which is as follows: “Any real or personal property or money, given or devised by parent or grandparent, to a descendant, shall be charged to the descendant, or those claiming through him, in the division and distribution of the undevised estate of the parent or grandparent, and such party shall receive nothing further therefrom until the other descendants are made proportionately equal with him, according to his descendible and distributable share of the whole estate, real and personal, devised and undevised.”
It seems to have been the intention of the testator, in the event of the death of his son John without issue, that his part of the estate should go over, and pass by the will of the testator, de novo, to his other “ children and heirs-at-law;” and it is intrinsically probable, if he intended that an equal division of this portion should be made among them, he would have expressed that intention in direct and explicit terms. Is that the meaning and effect of the clause under consideration ?
As the appellant, Mrs. Cole, was to receive three hundred dollars less than the other devisees under her father’s will, unless the contingency happened which he provided for; as that did happen, and the estate was increased thereby, if her father had died intestate as to that, by the law of descent and distribution in force in the State at the date of the will the more favored devisees could not receive any part thereof until she was made proportion-ably equal with them; but in providing for that contingency, he directed that the property which might be acquired by its happening should pass by the same law. *374 Did he not thereby place it precisely in the condition of undevised estate ?
This, it seems to us, was the intention of the testator according to arty rational, interpretation of the words composing the clause of the will under consideration. The testator, by inserting the last member of the clause, must have intended that it should have some effect and meaning; and by thus construing it, effect is given to the words of the sentence, and the devisees are placed on an equality.
The judgment complained of was final as to the question raised on this appeal.
For the reasons stated, the judgment is reversed, and the cause remanded, with directions that Mrs. Elizabeth Cole be first paid three hundred dollars out of the part of the estate devised to John Palmer for life, and that the residue of said portion, after paying costs and charges, be distributed amongst the devisees of said testator as directed, and for further proceedings consistent herewith.